UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:23-cv-00121-BJB-LLK

**TAMMY HENDERSHOT,**                                                                                    **PLAINTIFF**

**v.**

**PELLA CORPORATION,**                                                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter has been referred to Magistrate Judge Lanny King under 28 U.S.C. § 636(b)(1)(A) to hear and determine all pretrial matters. Text Order of October 3, 2023. Before the Court are two such matters: Defendant's Motion to Compel, [DN 23], and Plaintiff's Motion to Compel, [DN 25]. The matters are fully briefed, and therefore ripe for review. *See* Plaintiff's Response, [DN 24]; Defendant's Reply, [DN 27]; Defendant's Response, [DN 28]; Plaintiff's Reply, [DN 30]. For the reasons that follow, Defendant's Motion to Compel, [DN 23], is **GRANTED in part** and **DENIED in part**. Plaintiff's Motion to Compel, [DN 25], is **DENIED**.

Background

By request of Counsel, the Court held a telephonic status conference to discuss discovery disputes on January 22, 2024. Order of January 24, 2024, [DN 24]. At the conference, Defense Counsel indicated that Plaintiff's objection to their discovery response could be cured by a more specific interrogatory. The Court granted leave to file such a supplemental interrogatory. *Id.* The Court also required the parties to meet and confer regarding Defendant's objections to Plaintiff's responses, and to file a status report on any remaining issues. *Id.*

These steps did not resolve the issues. The parties were unable to come to an agreement on even the language of a Joint Status Report as ordered, and instead filed separate reports. Defendant's Status Report, [DN 19]; Plaintiff's Status Report, [DN 20]. These reports began

1

what has become a worrying trend of vitriolic and unnecessary characterizations of opposing counsel in filings before the Court, and extensive time spent on extraneous or tangential matters not relevant to the issues presented. The Court subsequently scheduled a status conference to address the remaining disputes for March 4, 2024. Order of March 7, 2024, [DN 22].

This conference again did not resolve the disputes. The Court directed the parties to serve supplemental discovery responses no later than March 15, 2024, in order to narrow the disputes that remained, and granted leave to the parties to file motions to compel. *Id.* The parties obliged, with Defendant filing a Motion to Compel on March 29, 2024. [DN 23]. Plaintiff timely responded on April 12, 2024. [DN 24].

Another telephonic status conference, scheduled in the normal course by the Court's Scheduling Order, [DN 12], was held on April 15, 2024. There, the Court corrected a misunderstanding regarding its Order of March 7, 2024—noting that Plaintiff must file a Motion to Compel if she wished for the Court to rule on her dispute. Order of April 18, 2024, [DN 26]. The parties were able to reach an amicable resolution of some issues at this conference, which is reflected in the discussion below. *Id.* Plaintiff filed a Motion to Compel following this conference on April 17, 2024. [DN 25].

The parties then completed motion practice in the normal course, with Defendant filing a reply to Plaintiff's Response to its motion, [DN 27], and the parties exchanging a response and reply to Plaintiff's Motion, [DN 28, 30]. Complicating matters, it appears that the parties supplemented production to each other during the exchange of pleadings resulting in Defendant's Reply brief raising new concerns as to the deficiencies in Plaintiff's production. [DN 27].

During these exchanges, Defendant filed a Notice of Supplement, [DN 29], which neither addresses the arguments in its motions or responses nor seeks any relief. Instead, it appears that

Defendant wished to bring the Court's attention to language and litigation threats made by Plaintiff's counsel.

While Defendant may rightly believe that Plaintiff's threats of, at best, aggressive and obstructionist conduct is inappropriate and counter-productive to the "just, speedy, and inexpensive determination" of this proceeding as required by Federal Rule of Procedure 1, neither parties' hands are clean in this regard. The filings before the court are rife with allegations of bad faith (but not requests for relief) by opposing counsel and insinuations that inappropriately obstructionist tactics will be used if the Court rules against one or the other party. *See, e.g.*, [DN 20] at *2 (alleging Defense Counsel is ignoring Plaintiff's requests); [DN 24] at *12 (referring to a letter by Plaintiff's Counsel as a "lengthy diatribe"), [DN 27] at *9 n.6 (alleging lack of good faith on the part of Plaintiff). These actions ill serve the purpose of discovery, not to speak of the parties involved. The Court warns both parties that any attempt to obstruct or elongate discovery that is not based in good faith or substantially justified runs afoul of the Federal Rules of Procedure. Fed. R. Civ. P. 37.

General Legal Standards

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Information needs not be admissible to be discoverable. *Id.* Parties have an obligation to provide several categories of information "without awaiting a discovery request," such as the name and contact information of individuals likely to have discoverable information, the documents to be used to support their claims or defenses, and the computation of each category of damages claimed. Fed. R. Civ. P. 26(a)(1)(A). These disclosures will be supplemented by Interrogatories and Requests for Production made by the parties. Fed. R. Civ. P. 33, 34.

Interrogatories or Requests for Production should be "considered to be seeking relevant information if there is any possibility that the information sought may be relevant to the claim or defense of any party in the action." *Invesco Institutional (N.A.), Inc. v. Paas,* 244 F.R.D. 374, 380 (W.D. Ky. 2007). To properly invoke discovery, the information requested must be described with "reasonable particularity" and be "proportional to the needs of the case." Fed. R. Civ. P. 34. A request is reasonably particular when it allows a reasonable person to ascertain which documents or information is required. *U.S. v. Winsper*, No. 3:08-cv-631-H, 2013 WL 5673617, at *3 (W.D. Ky. October 17, 2013) (citing *In re Asbestos Products Liability Litigation*, 256 F.R.D. 151, 157 (E.D. Pa. 2009). Proportionality requires the Court to consider the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues and whether the burden or expense of the of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

While broad, discovery is not unlimited. *See Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). To resist discovery, a party "bears the burden to establish that the material either does not come with in the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco*, 244 F.R.D. at 380. In other words, the resisting party must overcome the "heavy burden" of "demonstrating that disclosure will work a clearly defined and very serious injury." *Id.* But it is "impermissible not to answer questions." *Vander Boegh v. Harless*, 2021 WL 1923365 at *2 (W.D. Ky. May 13, 2021). When properly served with Interrogatories or Requests for Production, a party must answer, explicitly state if they do not know an answer and make some showing to support the statement or assert a specific defense. *Id.*

4

Boilerplate objections are inadequate. *Janko Enterprises, Inc. v. Long John Silver's, Inc.*, No 3:12-cv-345-S, 2013 WL 5308802, at *7 (W.D. Ky. Aug. 19, 2013).

Analysis

Plaintiff's Motion is limited in scope – She asks the Defendant to "identify, by name and job title, the person or persons who a) terminated [her] employment with Defendant Pella; and b) carried out the decision to terminate [her] employment with Defendant Pella." Plaintiff's Motion to Compel, [DN 25] at 1. Defendant's Motion is much broader, requesting the Court compel Plaintiff to provide a variety of documents, a privilege log, and to appear for a deposition. Defendant's Motion to Compel, [DN 23]. Subsequent productions have had limited effect on Defendant's request for intervention. Defendant's Reply, [DN 27] at *1.

**Pella's Motion**

Defendant's Motion to Compel requests three broad categories of relief, and seven specific items of relief. Defendant's Motion, [DN 23]. The broad categories encompass (1) improper invocation of privilege, (2) objections based on the relevant documents already being in Defendant's possession, and (3) withholding communications. The specific items of relief seek (1) short-term disability claim communications, (2) the identify of Plaintiff's chiropractor, massage therapist, and Nashville physician, (3) Plaintiff's tax returns, (4) Plaintiff's litigation history, (5) a fulsome damages calculation by Plaintiff, (6) that Plaintiff sit for a deposition, and (7) Rule 37 sanctions.[1] The Court shall address each in turn.

*Claims of Privileged Documents*

Defendant first contests that Plaintiff has improperly invoked attorney-client privilege to shield documents from disclosure. *See* Defendant's Motion, [DN 23] at *5; Defendant's Reply,

---

[1] Defendant's Motion also contained a request to compel production of a pre-employment physical, but that dispute has been resolved. Defendant's Reply, [DN 27] at 8.

5

[DN 27] at *6.  In her Second Supplemental Responses to Defendant's Discovery Requests, Plaintiff indicates there are at least some documents withheld based on the attorney-client privilege and/or the work product doctrine. [DN 23-3] at *8. However, neither party has produced a privilege log to the Court describing documents withheld. Federal Rules of Civil Procedure 26(b)(5) and 34(b)(2)(C) require any invocation of privilege to be accompanied by a description of the documents, communications, or tangible things withheld. Without a privilege log the Court cannot evaluate Plaintiff's claims of privilege.

Federal Rule of Civil Procedure 26(b)(5) provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or ... things not produced or disclosed— and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *Polylok, Inc. v. Bear Onsite, LLC*, No. 3:12-CV-00535-DJH-CHL, 2017 WL 1102698, at *5 (W.D. Ky. Mar. 23, 2017) (quoting Fed. R. Civ. P. 26(b)(5) ). The objecting party must be specific enough in its objections to support its privilege, but not too specific so as to divulge privileged information. *Id.* "In order to meet the requirements of the Federal Rules and justify a claim of privilege, therefore, a privilege log must contain sufficient factual content to allow the court to reach the conclusion that each element of that privilege is fulfilled." *Mafcote, Inc. v. Federal Ins. Co.*, No. 3:08-CV-11, 2010 WL 1929900, at *5 (W.D. Ky. May 12, 2010).

Courts in this circuit and elsewhere have explained that privilege logs should include the following elements:

> "(a) The author(s) and all recipients (designated so as to be clear who is the sender and who the receiver), along with their capacities/roles/positions;
>
> (b) The document's date;
>
> (c) The purpose and subject matter of the document; and
>
> (d) The nature of the privileged asserted, and why the particular document is believed to be privileged."

*Merriweather v. United Parcel Service, Inc.*, No. 3:17-cv-349-CRS-LLK, 2018 WL 3572527, at *19 (W.D. Ky. July 25, 2018) (citing *Polylock*, 2017 WL, at *6). Based on agreements of the parties, Plaintiff need not produce a full log for all communications between *solely* herself and listed counsel. Defendant's Reply, [DN 27] at *2 ("[Defendant] does not 'expect or insist that [Plaintiff] identify and log every single communication that she has had with [her attorney]…'"). But Plaintiff must identify other documents for which she claims privilege with enough detail that Defendant may contest the invocation and the Court can adjudicate any dispute.

Accordingly, Plaintiff is **HEREBY ORDERED** to produce a privilege log describing every document withheld on the basis of the attorney-client privilege or the work-product doctrine.

*Documents in Pella's Possession*

Plaintiff has refused to produce documents which she believes to be in the possession of Defendant. *See* Plaintiff's Answers and Responses to Defendant's First Set of Discovery to Plaintiff, [DN 23-1] at *3; Plaintiff's Second Supplemental Responses to Defendant's Discovery Requests, [DN 23-3] at *8. By way of justification, Plaintiff argues that the requested documents were within a previously litigated Worker's Compensation claim file, and that Defendant was represented by counsel throughout. Plaintiff's Response, [DN 24] at *8. "Therefore, [Plaintiff

7

argues,] Pella should have multiple copies of the Workers' Compensation file." *Id.* Defendant argues that the dispute is not limited to the Workers' Compensation file, and in any event Plaintiff must respond to their request for production. Defendant's Reply, [DN 27] at *3.

On its face, Federal Rule of Civil Procedure 34 does not limit production of documents to those not in the requesting party's control. Nor does Plaintiff provide any legal or statutory authority for that argument. *See generally*, Plaintiff's Response, [DN 24]. Merely alleging that the documents requested are in the possession of the requesting party, without any other appropriate objection, does not render a request for production improper. *See Phoenix Process Equipment Company v. Capital Equipment & Trading Corporation*, No. 3:16-cv-00024-CHB, 2021 WL 1062553, at *28 (W.D. Ky. March 19, 2021) ("A party cannot avoid its discovery obligations by simply stating that the other side had possession of the requested documents preceding litigation."). Accordingly, insofar as Plaintiff objects to producing documents due to Defendant having those documents in its possession, said objection is **DENIED**.

*Communications and Social Media Content*

Next, Defendant argues Plaintiff's response to its Fifth Interrogatory is deficient. Defendant's Motion, [DN 23] at *8. That Interrogatory states: "Describe in detail all communications that you have exchanged and/or conversations that you have had, or anyone acting on your behalf has had, with anyone regarding any of the claims or defenses asserted in this action." Plaintiff's Supplemental Answers and Responses to Defendant's First Set of Discovery to Plaintiff, [DN 23-2] at *2. Plaintiff's response, in full, is: "The conversations the Plaintiff has had with her family, her attorney, or any persons other than the Defendant are private and not subject to discovery. Any public social media posts made by the Plaintiff are readily available to the Defendant or anyone else." *Id.* at *2-3. In her Second Supplemental

Responses to Defendant's Discovery Requests, Plaintiff confirms that she is "not aware of any communications [she] has had by way of social media regarding the subject matter of this case." [DN 23-3] at *2. Plaintiff gives similar answers to related requests for production. *See Id.* at *8, 10.

Defendant argues two points: (1) Plaintiff is inappropriately limiting her response to social media communications, rather than all communications, Defendant's Motion, [DN 23] at *9; and (2) that that "the weakness of [the] position" of withholding disclosure or production of relevant communications is so "manifest" that "no further analysis is necessary," *Id.* at *8-9. Defendant points to this Court's recent decision *Vander Boegh v. Harless*, No. 5:18-cv-00123-TBR-LLK, 2021 WL 1923365 (W.D. Ky. May 13, 2021), for support. *Id.* In *Boegh*, this Court held that certain social networking site information was subject to discovery under Rule 34, even when that content is private. *Boegh*, 2021 WL at *7. Plaintiff argues that the Court's holding in *Locke v. Swift Transportation Company of Arizona, LLC*, NO. 5:18-cv-00119-TBR-LLK, 2019 WL 430930 (W.D. Ky. Feb. 4, 2019), is more appropriate. There, the Court held that a party requesting discovery of social media activity must identify the specific items or information they wish to have produced in order to compel discovery. *Id.*, at *5. Because Defendant has not "identified any specific items or information it seeks," Plaintiff believes she has complied with her discovery obligations. Plaintiff's Response, [DN 24] at *5.

*Locke* and *Boegh* are neither contradictory, nor do they stand for different propositions. In both cases, the Court held that social media information was discoverable. In both cases, the Court instructed parties to provide specific requests for discovery. And in both cases, the Court acknowledges that otherwise private information can be discoverable when relevant to the case at issue. Here, Plaintiff's objection that conversations or other messages between herself and

those that are not the Defendant are private is not well taken. If these communications are not otherwise protected through the attorney-client privilege, the work product doctrine, or some other lawful objection, their privacy alone is not enough to shield them from discovery.

Nevertheless, Plaintiff has provided a response with regard to her social media information: she is "not aware of any communications [she has] had by way of social media regarding the subject matter of this case. Plaintiff's Second Supplemental Responses to Defendant's Discovery Requests, [DN 23-3] at *2. Defendant may not believe this answer, but "there is no reason to believe that Plaintiff or 'counsel of record, who is an officer of this Court in good standing, will neglect their legal or ethical obligations to faithfully comply with this Court's orders' in producing" discoverable information as ordered. *Locke*, 2019 WL at *4 n.3. (citing *Bosh v. Cherokee County Governmental Building Authority.*, 2013 WL 6150799 at *4 (E.D. Okla. 2013).

*Short-Term Disability Claim Communications*

Defendant's first specific request is for the Court to compel production of Plaintiff's "undefined emails and text messages responsive to Interrogatory No. 3[.]" Defendant's Motion, [DN 23] at *10. Plaintiff has produced emails between herself and Defendant, but Defendant maintains that "text messages regarding her short-term disability claim she previously admitted exist" have not been produced. Defendant's Reply, [DN 27] at *7. Plaintiff did not object to the production of text messages related to her short-term disability claim when given the opportunity. *See* Plaintiff's Response, [DN 24] at *7. Accordingly, Plaintiff is **ORDERED** to produce all text messages regarding her short-term disability claim.

*Medical Providers*

Defendant's next specific request is for the Court to compel Plaintiff to identify a chiropractor, massage therapist, and Nashville physician referenced in her Redacted Medical Records. Defendant's Motion, [DN 23] at *11. After a supplemental production by Plaintiff, the issue of the Nashville physician is resolved. Defendant's Reply, [DN 27] at *8.

However, Defendant argues that Plaintiff's identification of "Mr. Tyrone Hayes of Wingo, Kentucky" as her massage therapist is insufficient because it does not state "Mr. Hayes' address, phone number, or any other information that [Defendant] can use to locate him and subpoena his records." *Id.* at *7. Defendant's complaint is well taken. Federal Rule of Civil Procedure 26 normally requires that parties disclose the name and, if known, the address and telephone number of individuals likely to have discoverable information. Even though Defendant's Interrogatory No. 18, which asks Plaintiff to "Identify all physicians, psychiatrists, psychologists, therapists, counselors, or other health care providers" relevant to the litigation does not otherwise define the term "Identify," Plaintiff's Supplemental Answers and Responses to Defendant's First Set of Discovery to Plaintiff, [DN 23-2] at *7, Plaintiff should provide the information necessary for Defendant to locate Mr. Hayes. *See* Fed. R. Civ. P. 1 (stating the federal rules should be construed to "secure the just, speedy, and inexpensive determination of every action and proceeding.").

Plaintiff also appears to have limited her response regarding chiropractic care. In an affidavit, Plaintiff states she has "never received any treatment from a chiropractor for [her] shoulder injury." Plaintiff's Affidavit, [DN 24-6]. However, Defendant's Interrogatory 18 asks Plaintiff to identify medical providers who have treated her in the last fifteen (15) years, not limited to her shoulder injury. Plaintiff's Supplemental Answers and Responses to Defendant's

11

First Set of Discovery to Plaintiff, [DN 23-2] at *7. Limiting her response does not fully answer the interrogatory as posed, and Plaintiff has failed to timely object. *See* Fed. R. Civ. P. 33(b)(4). Accordingly, Plaintiff is **ORDERED** to provide the name and contact information of any chiropractor she has seen for the past fifteen (15) years.

*Tax Returns*

Another dispute between the parties is whether Plaintiff's tax returns are discoverable without a protective order, and whether the produced documents are sufficient. *See* Defendant's Motion, [DN 23] at *13; Plaintiff's Response, [DN 24] at *5; and Defendant's Reply, [DN 27] at *8-10. Because the parties entered into a confidentiality agreement, the Court will not address that issue. Defendant's Reply, [DN 27] at 8. However, Defendant argues that Plaintiff's supplemental production is inadequate because it omits "'schedules and exhibits attached' to her various returns" and includes only a "preview copy" of Plaintiff's 2021 return. *Id.* at *9. Defendant requests that the Court order Plaintiff to submit IRS Form 4506 with Defendant's counsel listed as recipient as many times as necessary to provide certified copies of her full tax returns from 2020 to present. *Id.* at *9–10. Because the particulars of Defendant's request were first raised in its reply, *compare* Defendant's Motion, [DN 23] at *13 *with* Defendant's Reply, [DN 27] at *9–10, Plaintiff has not yet had an opportunity to express whether this is the appropriate course of action.

Even if Plaintiff has immediate access to only what has been produced, as represented that production is insufficient. A party has "possession, custody or control for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 439 (6th Cir. 1995) (internal citations and emphasis omitted); *accord*, *Robinson v. Henderson*, No. 5:18-cv-70-TBR-LLK,

2019 WL 13217264, *2 (W.D. Ky. May 24, 2019) (holding that documents within the actual possession of a third party insurer were nevertheless within a party's "control"). Plaintiff has the legal right to obtain her full tax returns and should complete her production of them.

*Litigation History*

Next, Defendant asserts that Plaintiff must disclose her relevant prior litigation history. Defendant's Motion, [DN 23] at *14. Plaintiff has asserted that she has "no convictions which would be admissible as evidence under the Federal Rules of Evidence." Plaintiff's Response, [DN 24] at *10. But this is not the proper standard. The scope of discovery is not limited to admissible evidence; parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Certainly, discovery requests that "essentially seek to obtain information or documents that relate to any lawsuit, civil or criminal, or any administrative action that involved the plaintiff over a substantial span of years often are rejected as being overbroad and not reasonably calculated to lead to the discovery of admissible evidence." *Brown v. Tax Ease Lien Servicing, LLC*, 2017 WL 6939338, at *19 (W.D. Ky. Feb. 16, 2017). But Defendant's request has been limited to only relevant litigation history. *See* Defendant's Motion, [DN 23] at 14. Such relevant litigation history would be cases which could implicate res judicata or collateral estoppel, allegations of "substantially similar" claims, or litigation whose settlement could arguably preclude or otherwise limit the ability of a party to maintain a specific claim in this action. *Id.* Accordingly, Plaintiff is **ORDERED** to disclose all relevant litigation history, civil or criminal, which may impact the claims in this matter.

*Damages Computation*

Defendant also requests the Court order Plaintiff to "disclose how she calculates [her damages] and the underlying evidence supporting that calculation." Defendant's Motion, [DN 23] at *17. Plaintiff has provided the following as a computation: "as of February 5, 2024, Plaintiff would request that a jury award damages as follows: past loss of income -- $55,000; past mental anguish, anxiety and stress -- $55,000; future loss of income -- $595,000; future anguish, anxiety and stress -- $200,000; punitive damages -- $500,000." Plaintiff's Supplemental Answers and Responses to Defendant's First Set of Discovery to Plaintiff, [DN 23-2] at *7. Defendant contests that these are no more than a "lump sum figure of [Plaintiff's] damages claim," and that Plaintiff must provide how she calculated that lump sum and produce the underlying evidence supporting that calculation. Defendant's Motion, [DN 23] at *17. Plaintiff notes that several of these categories are not subject to "a precise mathematical calculation," such as compensation for pain and suffering or punitive damages. Plaintiff's Response, [DN 24] at *10–11.

"Rule 26 of the Federal Rules of Civil Procedure requires a party to provide the opposing party 'a computation of each category of damages claimed' as well as 'the documents or other evidentiary material … on which each computation is based[.]'" *Bessemer & Lake Erie R.R. Co. v. Seaway marine Transport*, 596 F.3d 357, 366–67 (6th Cir. 2010) (citing Fed. R. Civ. P. 26(a)(1)(A)(iii)). A party must convey "all of the necessary information … to support the 'exact' amount of [a damages category.]" *Id.* at 368. In effect, the opposing party must be "on notice of the damages being requested" and "in possession of the documents necessary to calculate [those] damages." *House v. Players' Dugout, Inc.*, No. 3:16-cv-00594-RGJ, 2022 WL 3587823, at *6 (W.D. Ky. Aug. 22, 2022), *aff'd in part, rev'd in part on other grounds*, No. 22-5843, 2024 WL

14

495998 (6th Cir. 2024); *see also*, *Bessemer*, 596 F.3d at 370 (stating the documentation and evidence must be sufficient to allow the opposing party to independently analyze the claim). As acknowledged by Defendant, "emotional or punitive damages claims" are "not amenable to the requirements of Rule 26(a)(1)(A)(iii)." Defendant's Motion, [DN 23] at *16 (citing *Scheel v. Harris*, No. 3:11-17-DCR, 2012 U.S. Dist. LEXIS 126448, **22, 25 (E.D. Ky. Sept. 6, 2012).

Given the damages at issue here, Plaintiff cannot be expected to "calculate" her past or future mental anguish, anxiety, and stress damages or her punitive damages claims beyond the already provided "lump sum" amounts. Plaintiff's past loss of income is calculable but will be easily calculated by Defendant once Plaintiff has disclosed her tax returns as ordered. *See, supra*. Therefore, the only category of damages that Plaintiff must supplement with specific calculations or documentation is her claim of $595,000 in future lost income. Defendant's Motion is **GRANTED** insofar as it requests computation of future lost income damages and **DENIED** insofar as it requests further calculations for all other damage categories listed above.

*Plaintiff's Deposition*

In the Court's March 5, 2024 Order, the Court explicitly stated that it "will not order the Plaintiff to appear for deposition until it has addressed the disputes regarding written discovery." [DN 22] at *2. Defendant argues that because the "disputes regarding written discovery have been or will be resolved" by this Order, the Court should order Plaintiff to appear for a deposition. Defendant's Motion, [DN 23] at *17. But Defendants mistake the proper order of procedure in this matter. The disputes regarding written discovery referenced in the Court's March 5 Order are not resolved until issuance of this Opinion, and any motion to compel filed before this Order is premature. Accordingly, Defendant's Motion to Compel is **DENIED** with respect to the Court's ordering Plaintiff to sit for a deposition. However, Defendant is free to

15

notice any such deposition after issuance of this Opinion, and the Court will address any further dispute in the normal course.

*Rule 37 Sanctions*

Finally, Defendant moves for an award of attorney's fees under Federal Rule of Civil Procedure 37. Defendant's Motion, [DN 23] at *18. Defendant argues that an award of attorney's fees is mandatory if its motion is granted. *Id.* at *19. But that is not the case. Defendant's motion has been granted in part and denied in part, putting it squarely under the auspices of Federal Rule of Civil Procedure 37(a)(5)(C). In this instance, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Given the dilatory and troubling behavior of both parties in this litigation thus far, the Court is not inclined to award attorney's fees to either party.

**Hendershot's Motion**

Plaintiff's Motion asks only that the Court compel Defendant to "identify, by name and job title, the person or persons who a) terminated [her] employment with Defendant Pella; and b) carried out the decision to terminate [her] employment with Defendant Pella." Plaintiff's Motion to Compel, [DN 25] at 1. This appears to be an abbreviated version of an Interrogatory or Request for Production attached to Plaintiff's Motion, Pl.'s Exh. 3, [DN 25-3], but that document is not titled or referred to by title. This Interrogatory asks for Defendant to identify by name, address, and job title every individual which:

A) Made the decision to terminate the Plaintiff's employment.
B) Carried out the termination of Plaintiff's employment.
C) Caused the Plaintiff's access to the Pella employee online portal to be terminated.
D) Sent or caused to be sent to Plaintiff documents regarding Plaintiff's COBRA rights.

      E) Made entries into Pella's personnel records, payroll records, or any other records maintained by Pella which changed the Plaintiff's employment status from being employed by Pella to no longer being employed by Pella.
      F) Deposited money or caused money to be deposited from Pella into the Plaintiff's bank account on or about September 2, 2022.

Pl.'s Exh. 3, [DN 25-3]. In response, Defendant repeats its theory of the case: Plaintiff is the one who abandoned her employment. *Id.* For each discrete subpart, Defendant states that to the extent Plaintiff is asking for ministerial and administrative tasks it refers to previously produced documents, identified by Bates label. *Id.* In a supplemental response, Defendant walks through those documents. *Id.* Plaintiff asserts this is not enough. Plaintiff's Motion, [DN 25] at 6 ("We respectfully submit that we are entitled to a direct answer to a direct question.").

    "The answer to an interrogatory must be complete, specific, and responsive to the question. The answering party must construe the question fairly and not in a hypertechnical manner designed to justify not providing information that any reasonable reader would know was being sought." *Boegh*, 2021 WL at *3 n.2. "While courts may disagree on exact definitions of what constitutes a lack of specificity or an evasive answer, vague, non-responsive, and gaming responses are not to be tolerated." *Id.* at *3. Defendant's initial answer to Plaintiff's Interrogatory was just such a gaming and non-responsive answer. Defendant's supplemental response, however circuitous and obfuscating it is written, does finally provide the answer Plaintiff has been seeking: Tony Robinson as Plaintiff's Line Lead initiated the process of termination, and Edie Thompson as the Human Resources Manager approved it. Pl.'s Exh. 3.

    Because Defendant did eventually provide the information from which Plaintiff can "derive or ascertain" the answer to her question, *See* Fed. R. Civ. P. 33(d), the Court will not order further disclosures and DENIES Plaintiff's Motion to Compel.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff shall produce a privilege log describing every document withheld on the basis of the attorney-client privilege or the work-product doctrine no later than thirty (30) days from entry of this order.

**IT IS FURTHER ORDERED** that Plaintiff shall produce supplemental discovery responses which do not rely on the objections that the documents requested are already in Defendant's possession no later than thirty (30) days from entry of this order.

**IT IS FURTHER ORDERED** that Plaintiff shall produce a supplemental response to Defendant's Interrogatory No. 5 which does not limit her response to social media communications no later than thirty (30) days from entry of this order. The Court does not address at this time any lawful objection raised by Plaintiff as to this Interrogatory not discussed above.

**IT IS FURTHER ORDERED** that Plaintiff shall produce the following documents or information no later than thirty (30) days from entry of this order:

1. All text messages regarding her short-term disability claim,
2. The address and telephone number, if known, of her identified massage therapist Mr. Tyrone Hayes,
3. The name, address, and phone number, if known, of any chiropractor she has seen for the past fifteen (15) years,
4. A copy of Plaintiff's full tax returns for 2020 to present,
5. All relevant litigation history, civil or criminal, which may impact the claims in this matter, and
6. Calculations and supporting documentation for her claim of future lost income damages.

19

Finally, **IT IS HEREBY ORDERED** that the parties shall meet and confer, virtually or telephonically, to discuss any pending discovery disputes, litigation deadlines, and scheduling in light of the Court's present Order. The parties **SHALL** file a Joint Status Report briefly describing the remaining disputes no later than Friday, August 9, 2024.

**IT IS SO ORDERED.**

June 28, 2024

*[signature]*

**Lanny King, Magistrate Judge**
**United States District Court**